## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

GLENDA E. ARMOSTER                                          Plaintiff

v.                              5:08CV0058 BSM/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                    Defendant

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Glenda E. Armoster, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by

2

thyroid problems, rheumatoid arthritis, a slipped disk in her back, high blood pressure, high cholesterol, asthma and bronchitis. (Tr. 118) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff, her brother and a vocational expert testified, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through April 25, 2007, the date of his decision. (Tr. 18) On January 8, 2008, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court recommends a finding that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 39 years old at the time of the hearing. (Tr. 307) She is a high school graduate. Id. She has past relevant work as an assembler and substitute teacher. (Tr. 12, 85-86, 119, 125-26,

_____

[1]The Hon. Lesly W. Mattingly.

308)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2006).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.    Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.    Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.    Id., §§ 404.1520(a)(4); 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.    Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If so,

4

benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able
to make an adjustment to other work, given claimant's age, education
and work experience.  Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).
If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial
gainful activity since her alleged onset date.[2]  (Tr. 12)  He found
that Plaintiff had a "severe" impairment, but that she did not have
an impairment or combination of impairments that met or equaled a
Listing.  Id. He judged that Plaintiff's subjective complaints were
not borne out by the overall record and were not fully credible.
(Tr. 17)

The ALJ found that Plaintiff retained the residual functional
capacity to occasionally lift and carry up to ten pounds; she could
stand and walk for a total of two hours in an eight-hour workday, 30
minutes without interruption; she could sit for a total of six hours
in an eight-hour workday, two hours without interruption; she could
never climb, crouch, crawl or kneel; she could occasionally balance
or stoop; she could not be around heights or moving machinery; she

---

[2]Plaintiff alleged an onset of September 1, 2001.  (Tr. 17)  The
ALJ noted that she had a previous claim that was denied by an ALJ
February 18, 2004.  (Tr. 13)  That claim was appealed to this Court,
which affirmed.  Armoster v. Barnhart, 5:04CV00195 SWW (E.D. Ark.,
Judgment June 7, 2005).  It was ultimately affirmed by the Court of
Appeals, which found that Plaintiff's morbid obesity, hypothyroidism,
hypertension, gastrointestinal disorders and anxiety were not
"severe."  Armoster v. Barnhart, 188 Fed.Appx. 539 (8th Cir. 2006).
The ALJ accepted jurisdiction beginning the day after the previous
decision.  (Tr. 13)

could work where interpersonal contact was incidental to the work performed, the complexity of tasks was learned and performed by rote, there were few variables and little judgment involved and supervision required was simple, direct and concrete.  (Tr. 16)

The ALJ found that she was unable to perform any of her past relevant work.  Id.  The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  Id.  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, bench or hand assembler.  (Tr. 18)  Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff contends the Commissioner failed to properly apply Social Security Ruling (SSR) 02-1p.  (Br. 22-26)  She argues that there was insufficient discussion of her obesity by the ALJ.  (Br. 25)  The ALJ noted:

> The claimant also has a diagnosis of obesity.  A consultative physical evaluation performed on June 7, 2005 noted her weight to be 323 pounds.  Complications arising from this condition include hypertension and back pain.  As noted above, her hypertension appears to be adequately controlled with medication.  With respect to her chronic back pain, x-rays taken on June 8, 2005 showed minimal degenerative changes in the lumbar spine.  During the consultative examination on June 7, 2005 the clamant

6

exhibited normal ranges of motion in her lumbar spine, and only slightly limited ranges of motion in her cervical spine.  The remainder of her physical examination was normal, except it was difficult for her to bend or squat due to her obesity Exhibit B-2-F).

The claimant underwent a consultative internal medical examination on December 19, 2006 conducted by Gary P. Nunn M.D.  Her weight during this examination was noted at over 350 pounds; however, no edema was noted.  No neurological or muscular deficits were noted.  The claimant was diagnosed with morbid obesity, hypothyroidism, and hypertension.  Dr. Nunn determined that the claimant could lift and carry up to 50 pounds occasionally and 20 pounds frequently; she could stand and walk up to 7 hours in and 8 hour work day; she could sit up to 7 hours in an 8 hour work day; she should never climb or balance; and she should avoid heights and moving machinery (Exhibit B-9-F).

After a review of the medial evidence the Administrative Law Judge finds that the claimant does suffer significant function limitations due to her obesity and degenerative disc disease.  However, as noted by the consultative examiner, she is not precluded from all work activity.

(Tr. 13)

Plaintiff was counseled to lose weight.  (Tr. 190, 191, 198, 199)  She was admonished to diet and exercise.  (Tr. 199, 266)  She repeatedly either ran out of her medications or simply did not take them.  (Tr. 190, 191, 192, 193, 201)  She contended that she could not afford her medications.  (Tr. 190, 193)  Her treating physician reminded her, however, that pharmacy assistance was available if she would just keep her follow-up appointments.  (Tr. 201)

Although not mentioned by the ALJ, there are at least some indications that she was working during the time that she contended that she was disabled.  In July of 2004, she reported that she had noticed facial and neck swelling while at work a week before.  (Tr.

197)  On July 19, 2004, the doctor allowed her to return to work a week later.  (Tr. 195)

There is no bright line between properly and improperly applying SSR 02-1p, or between sufficiently and insufficiently discussing a claimant's obesity.   Significantly,  Plaintiff  did  not  claim disability based on her obesity in her application for benefits or at the administrative hearing.  <u>Box v. Shalala</u>, 52 F.3d 168, 171 (8th Cir. 1995).  More importantly, there is no evidence in the record that Plaintiff's obesity imposed any greater  limitations on her ability to work than the ALJ's residual functional capacity.  <u>Id.</u>; <u>see</u> <u>Forte v. Barnhart</u>, 377 F.3d 892, 896 (8th Cir. 2004)(although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and  claimant  did  not  testify  that  obesity  imposed  additional restrictions).  As noted in the quotation from the ALJ's opinion, Dr. Nunn diagnosed morbid obesity, but noted that she could still lift 50 pounds occasionally and 20 pounds frequently.  (Tr. 13)  A fair reading of the ALJ's opinion reveals that he properly applied SSR 02-1p and adequately discussed her obesity and its ramifications on her ability to work.

Plaintiff argues that the ALJ's hypothetical question for the vocational  expert  was  incomplete  because  it  did  not  include environmental restrictions.  (Br. 26-27)  She points out that moderately severe obstructive airways disease was diagnosed June 8, 2005, based upon a pulmonary function study.  (Br. 27, Tr. 182-88)

A general physical examination the day before revealed no respiratory impairment, however.  (Tr. 176)  Examinations consistently showed her lungs to be clear to auscultation bilaterally.  (Tr. 190, 192, 194, 197, 198, 201, 202, 203, 279)

There is no medical evidence that any pulmonary limitation imposed any restrictions on Plaintiff's functional capabilities.  The ALJ properly included in his question the impairments and functional restrictions that are supported by the record, which is all that is required.  Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994).

Plaintiff's attorney was present at the administrative hearing. He cross-examined the vocational expert, but did not add environmental restrictions to the ALJ's hypothetical question.  (Tr. 336) Such a failure to raise the argument at the administrative level ordinarily prevents a party from raising it in judicial proceedings. Weikert v. Sullivan, 977 F.2d 1249, 1254 (8th Cir. 1992); accord, Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999).

Next, Plaintiff argues that the vocational expert's testimony that she could perform sedentary work is inconsistent with the Dictionary of Occupational Titles because of SSR 83-12, which she quoted:

> However, most jobs have ongoing work processes which demand
> that a worker be in a certain place or posture for at least
> a certain length of time to accomplish a certain task.
> Unskilled types of jobs are particularly structured so that
> a person cannot ordinarily sit or stand at will.

(Br. 28)  Plaintiff's argument is based on an incomplete reading of SSR 83-12.  The sentence following the above quoted portion adds, "In

cases of unusual limitation of ability to sit or stand, a VS[3] should be consulted to clarify the implications for the occupational base." SSR 83-12, at 4.   That is precisely what the ALJ did – he called a vocational expert.   See Carlson v. Chater, 74 F.3d 869, 871 (8th Cir. 1996)(ALJ properly consulted vocational expert pursuant to SSR 83-12 when claimant was required to alternately sit and stand). Plaintiff's argument lacks merit.

Finally, Plaintiff urges that the ALJ failed to give appropriate weight to the opinion of her treating nurse practitioner, Carol O'Neal, ANP.   (Br. 29-31)   The ALJ's decision is dated April 25, 2007.   (Tr. 18)   Nurse O'Neal's Medical Opinion is dated June 7, 2007.   (Tr. 301-03)   Plaintiff's attorneys submitted that opinion only to the Appeals Council.   (Tr. 3, 7)   The Appeals Council did consider that evidence.   (Tr. 4)   Plaintiff's argument lacks merit.

It is not the task of this Court to review the evidence and make an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs,

---

[3]A VS is a vocational specialist, a term which describes all vocational resource personnel, including vocational consultants, vocational evaluation workshops and vocational experts.   SSR 83-12, at 2.

the ALJ's decision, the transcript of the hearing and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this ____4____ day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE